IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

AIDA SOCORRO NIN RODRIGUEZ        Case No:17-02711-EAG

                                      Chapter 13

DEBTORS

---

AIDA SOCORRO NIN RODRIGUEZ        ADV:

Trustee: ALEJANDRO OLIVERAS        VIOLATION OF AUTOMATIC

Plaintiffs                           STAY UNDER §362;

V                                 CONTEMPT/DAMAGES;

BANCO POPULAR DE PR as servicing     INJUNCTIVE RELIEF;

agent of WELLS FARGO            WILLFUL VIOLATION OF

Defendant                      DISCHARGE ORDER UNDER

                                    §524(a)(2)

---

**COMPLAINT FOR VIOLATION OF AUTOMATIC STAY**

**PURSUANT TO 11 U.S.C. 362**

TO THE HONORABLE COURT:

     **COME NOW**, Debtor AIDA SOCORRO NIN RODRGIUEZ, represented by counsel

and most respectively state, aver and pray:

1

## JURISDICTION

1.     The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and

the Standing General Order of the U.S. District Court for the District of Puerto

Rico of July 19, 1984, referring all cases and proceedings under Title 11 U.S.C. to

the Bankruptcy Court. Jurisdiction is also permitted on 28 U.S.C. §157 and 11

U.S.C. §105. This is a core proceeding and govern by Rule 7004 of the

Bankruptcy Code.

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and ( c), and §1409

inasmuch as all acts, events and omissions complained of giving rise to this action

occurred within the territorial limits of this jurisdiction.

## INTRODUCTION

3.     The Debtor, hereinafter ("Plaintiff"),  filed for bankruptcy seeking relief under the

provision of chapter 13 of the Bankruptcy Code on April 20, 2017, (dk-1).

4.     Among the creditors and debts listed by debtor(s), was Defendant creditor Banco

Popular de PR as servicing agent of Wells Fargo, hereinafter ("Defendant"), as an

secured creditor, in schedule D for a mortgage note over debtor's real property in

the amount of $261,685.00 dollars.

5.     That debtor listed in Schedule A, real property a cement house in Carr. 100, K.m.

56 Int., Calle Neptune, 130 Mirador, Cabo Rojo, P.R. 00623. Duly registered in

the Property Registry San German, Farm. 23976.

6.     Defendant was duly notified by the Clerk of the court of the filing of the Debtor's

case.

2

7.    Defendant was duly notified of the § 341 meeting of creditors.

**FACTUAL ALLEGATIONS**

8.    This is the debtor second bankruptcy petition, the first bankruptcy case was filed

on February 9, 2011 with case number 11-00978. Debtor received a discharge

order  on June 26, 2015.

9.    Debtor made a mortgage loan with the creditor on the year 2004. The mortgage

deed was filed at the Puerto Rico Property Registry hereinafter ("PRPR") on the

same year 2004. Later the office of "PRPR" gave notice to the Defendant that the

mortgage deed had some faults which had to be address, if they were not address

at that time the mortgage deed would not be deem as filed and registered.

10.   Defendant did not address the faults that were notice by the office of "PRPR"

therefore the mortgage deed was deem as not filed and the loan would not be

secured by the collateral as the Puerto Rico state law requires.

11.   As consequence of Defendant not having a valid lien against debtor's property,

Defendants claim in the debtor's first bankruptcy case was discharge as an

unsecured debt. See docket 1 and 114 of case no. 11-00978.

11.   Debtor filed the present case on April 20, 2017, Case no. 17-02711.

12.   Later on July 2, 2017 creditor as servicing agent for Wells Fargo filed proof of

claim 2-1 as secured in the amount of $288,826.94. See proof of claim 2.

13.   The Defendant's proof of claim no. 2-1 was filed as a secured claim for a

residential mortgage loan. It attached a mortgage note, title study and detail

3

statement of the account.

14. That after debtor had a discharge order, Defendant when ahead and presented to the "PRPR" for mortgage registration on October 27, 2016, Deed no. 2088, of April 23, 2004, to record a MORTGAGE NOTE over debtor's real property located at Barrio Miradero, the mortgage note is in the amount of $320,000.00.

15. That Defendant action is an outright violation of the discharge order pursuant to 11 U.S.C. 524(a)(2) of the Bankruptcy Code, since defendant creditor received notice of all matters in the case no. 11-00978.

16. That Defendant action is an outright violation of the automatic stay pursuant to 11 U.S.C. 362 of the Bankruptcy Code, since defendant creditor received notice of all matters in the present case and continue to file a proof of claim of a debt that was discharge.

17. That the Defendant has acted against the debtors estate and its actions are null and void.

## CLAIM I: VIOLATION OF THE AUTOMATIC STAY ORDER UNDER §362

18. Plaintiff incorporates each and every previous allegations as if fully set forth herein.

19. The actions perpetrated by Defendant clearly constitute a willful violations of the automatic stay order encoded in §362 of the Bankruptcy Code and are in open contempt of the Court's automatic stay order.

20. Defendant acted with knowledge that Plaintiff did seek relief under the bankruptcy code and still continued to file proof of claim 2-1 in which it claims

4

the mortgage loan as a secure claim when in fact said debt was discharge on the debtor's first bankruptcy case 11.-00978 on June 26, 2015.

21. Plaintiff had to file an objection to claim requesting that the Defendants claim 2-1 be disallow, after the Defendant filed its position to debtor's objection to claim it withdraw the claim 2-1, nonetheless its contempt for the automatic stay order issue by this Court have cause Plaintiff significant aggravation and emotional distress, mental anxiety and physical symptoms of harm and illness such as loss of sleep.

22. Defendant conduct has caused Plaintiff to incur in unnecessary expense of time, monies, energy, personal effort and to alter their daily activities and schedules in order to enforce their rights under the Bankruptcy Code.

23. As a result of the foregoing willful, egregious and intentional violations of law committed by Defendant, the Plaintiff is entitle to actual and compensatory damages in an amount not less than $25,000 dollars for mental anguish, suffering, physical harm and out of pocket expenses and time lost defending against Defendant

24. Defendant and all others responsible for committing the willful violation of the automatic stay order are jointly and severally liable to Plaintiff in damages.

**CLAIM II: VIOLATION OF THE DISCHARGE ORDER UNDER §524(a)(2)**

25. Plaintiff incorporates each and every previous allegations as if fully set forth herein.

26. The actions perpetrated by Defendant clearly constitute a willful violations of the

5

discharge order encoded in §524(a)(2) of the Bankruptcy Code and are in open
contempt of the Court's order.

27.   Defendant acted with knowledge that Plaintiff had obtained a discharge order on
June 26, 2015 under case no. 11-00978 and presented to the "PRPR" for mortgage
registration on October 27, 2016, Deed no. 2088, of April 23, 2004, to record a
MORTGAGE NOTE over debtor's real property located at Barrio Miradero, the
mortgage note is in the amount of $320,000.00.

28.   Plaintiff has request Defendant to turnover the original mortgage note for its
cancellation and Defendant in a willfully and temerity action continues to keep the
mortgage note hostage and continues to request the payment of the debt duly
discharge under case no. 11-00978.

29.   Defendant conduct has caused Plaintiff to incur in unnecessary expense of time,
monies, energy, personal effort and to alter their daily activities and schedules in
order to enforce their rights under the Bankruptcy Code.

30.   As a result of the foregoing willful, egregious and intentional violations of law
committed by Defendant, the Plaintiff is entitle to actual and compensatory
damages in an amount not less than $50,000 dollars for mental anguish, suffering,
physical harm and out of pocket expenses and time lost defending against
Defendant.

31.   Also as a result of the foregoing willful, egregious and intentional violations of
law committed by Defendant, the Plaintiff is entitle to recover any amounts of
money it paid the defendant after the discharge of the debt under the case no. 11-

6

00978.

32.     Defendant and all others responsible for committing the willful violation of the

        automatic stay order are jointly and severally liable to Plaintiff in damages.


## CLAIM III: CONTEMPT & DAMAGES

33.     Plaintiff incorporates each and every previous allegations as if fully set forth

        herein.

34.     To deter Defendant unabashed contempt for bankruptcy law and for this Court's

        order, the Court should impose punitive damages in an amount not less than

        $75,000.00 dollars to be awarded to Plaintiff.

35.     As a result of the foregoing claims and allegations by Plaintiff, Defendant is liable

        to Plaintiff for the  legal costs, expenses and attorneys fees in prosecuting this

        action.

36.     Defendant and all others responsible for committing the willful violation of the

        automatic stay order and discharge order are jointly and severally liable to

        Plaintiff in damages for the claims and causes of the action set forth herein.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff/Debtors request that this Honorable Court:

1.      Assume jurisdiction of this case.

2.      Declare that Defendant has violated and is in contempt  of the automatic stay

        under 11 U.S.C. § 362, and order it to pay damages resulting from its contemp in

        the amount of $25,000.

7

3.  Declare that Defendant has violated and is in contempt  of the discharge order under 11 U.S.C. §524(a)(2), and order it to pay damages resulting from its contemp in the amount of $50,000;

4.  That it grants attorney's fees and cost;

5.  Grant punitive damages against Defendant pursuant to 11 U.S.C. § 362(h) of no less than $75,000.;

6.  Grant the turnover of the original mortgage note which encumbers Deed no. 2088;

7.  Grant the turnover of the monies paid to Defendant after the discharge order was enterer on June 26, 2015 on case no. 11-00978;

8.  Grant any other relief which this court deems necessary and proper.

**RESPECTFULLY SUBMITTED,**

In Yauco, Puerto Rico, this 2nd day of March, 2018

_/s/Nydia Gonzalez Ortiz_
USDC-PR 124006
Attorney for Debtor
SANTIAGO & GONZALEZ LAW LLC.
11 Betances Street
Yauco, Puerto Rico 00698
Phones (787) 267-2205/2252
Email:bufetesg@gmail.com